`hyyIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **WAYNE BING**<br>9804 Hummingbird Lane,<br>Upper Marlboro, MD. 20772<br>    Plaintiff,<br><br>            v.<br><br>**THE ARCHITECT OF THE CAPITOL**<br>ARCHITECT OF THE CAPITOL<br>SERVE:    Office of General Counsel<br>             Ford House Office Building<br>             Room H2-265A<br>             2nd and D Street, S.W.<br>             Washington, D.C. 20515<br><br>SERVE:    Loretta E. Lynch, Attorney General<br>             or c/o her Designated Representative<br>             U.S. Department of Justice<br>             950 Pennsylvania Avenue, N.W.<br>             Washington, D.C. 20530-0001<br><br>SERVE:    Channing D. Phillips, U.S. Attorney<br>             for the District of Columbia<br>             United States Attorney's Office<br>             555 Fourth Street, NW<br>             Washington, D.C. 20530<br><br>    Defendant. | Civil Action No. _____<br><br><br><br><br>**Jury Requested** |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**COMES NOW** Plaintiff, Wayne Bing, hereinafter "Plaintiff" or "Mr. Bing"), by and through his undersigned counsel, and sues the Architect of the Capitol, (Defendant"), and for cause of action states, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Complaint pursuant to 29 U.S.C. Section 791, Section 201 of the Congressional Accountability Act and pursuant to Section 2000€ et. Seq., Title VII of the Civil Rights Act of 1964, as amended and 28 U.S.C. Sections 1331, 1337 and 1343. Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of Defendant, an Agency of the federal government that operates within the District of Columbia.

## EXHAUSTION OF REMEDIES

2. Plaintiff Wayne Bing timely filed a complaint with the Office of Compliance within the Architect of the Capitol alleging discrimination based on his race (African American) and reprisal and has exhausted all of his administrative remedies. This matter was not resolved by mediation. Plaintiff Bing timely files this civil action within ninety days (90) of the end of mediation, which ended on July 25, 2016.

## PARTIES

3. Plaintiff is currently domiciled at 19804 Hummingbird Lane, Upper Marlboro, Md. 20772. Plaintiff is a resident of the State of Maryland and a United States citizen.

4. Defendant, AOTC is an Agency under the Federal Government and is located in the District of Columbia.

## FACTS

5. Plaintiff, Wayne Bing, an African American male, was employed by the Architect of the Capitol as Laborer (Recycler) WG-3502-04-03, with the Senate Office Buildings.

6. On or about July 10, 2015, he was unfairly issued a proposal for removal for allegedly violating AOC Order 752-2, Standards of Conduct, Dated April 25, 2014, Section B. 1.1 and B. 2.8.

7. Despite challenging the proposed removal, Mr. Bing was removed from his position.

8. Mr. Bing, prior to his removal had openly voiced his concerns to his supervisor about unfair and differential he and his co-workers who were African American received, thereby engaging in EEO activity.

9. Almost immediately after Plaintiff Bing voiced his concerns to his supervisor, he was unfairly written up for using profanity and allegedly the loading dock for an assignment.

10. During his employment with the Architect of the Capitol (AOC), Mr. Bing performed his job duties at a level that met or exceeded his employer's expectation.

11. Mr. Bing timely filed his EEO Complaint with the AOC's Office of Compliance alleging discrimination, hostile work environment and retaliation.

12. On October 24, 2016, Plaintiff timely filed his action within ninety (90) days after the end of mediation."

**COUNT ONE**
**(Race discrimination and Reprisal in Violation of Title VII)**

13. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

14. Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

15. At all times relevant to this Complaint, Defendants and their agents were acting under color of the laws, customs and usages of the District of Columbia within the meaning of 42 U.S.C. § 1983.

16. Plaintiff is a member of a protected class, as she is African-American.

17. Plaintiff engaged in Proptected activity and was the subjected to retaliation as outlined above..

18. Due to Defendant's actions, Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering and such impact is on-going and permanent in nature.

19. Plaintiff has incurred lost wages and loss of career opportunity, now and into the future, without Plaintiff contributing any negligence thereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Order the Defendant to reassign Plaintiff to a new position with new first-line supervision;

b. Order the Defendant institute a policy and procedure to be implemented against discrimination;

c. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

d. Supervisory training for the supervisors at issue herein; and

e. Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

f.  Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

g.  Award lost wages;

h.  Award back pay and benefits, with interest;

i.  Award future wages;

j.  Award reasonable attorney fees, costs, and expenses incurred for this action;

k.  Award equitable, declaratory, and injunctive relief; and

l.  Award such other and further relief as this Honorable Court deems just and proper.

## Equitable Relief

20. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

21. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants, and employees.

## JURY DEMAND

22. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

October 24, 2016                                            Respectfully submitted,


                                                            By:  _____
                                                                 Donna Williams Rucker (D.C. Bar 446713)

Tully Rinckey, PLLC
815 Connecticut Ave., N.W.,
Suite 720
Washington, DC 20006
(202) 787-1900
DRucker@fedattorney.com

*Counsel for Plaintiff*